Mr. Redmond? Yes, Judge. You may proceed. If it please the court, at this time I will not go over all of the elements of the brief that we, of the briefs that we have filed in this case. The court in the motion that I filed to not have oral argument, that it had some questions. And if it please the court, I will, to the best of my ability, address those questions at this time and reserve any time left over for rebuttal at the end. Well, Mr. Redmond, I have a question. I'm wondering if you can clarify your claim against the intake officers. In your opening brief, you say that they're liable because their misstatements about Mr. Thomas's medical history made the other defendants, the correctional officers on the floor, more likely to disbelieve Mr. Thomas when he told them that he was being threatened by another person. In your reply, you've said that these intake officers are liable for placing Mr. Thomas in general population, despite his report to them that he has PTSD. Are you raising both arguments or one or the other? I'm raising both, but primarily I think I'm second of the two arguments. The Cook County Department of Corrections General Order 241480 specifies that if an individual during intake indicates that he has a problem, a mental health disability in particular here, that he should go for a evaluation to determine, among other things, where he is. That never happened. And as a result of that not having happened, he was placed into the general population. Being in the general population by itself was a problem because he was losing sleep, he was hypervigilant, and asked if he were okay. And when asked if he was okay, he would answer yes in the affirmative, but in fact he was suffering. Can you point to us where you raised this argument about the general population to the district court? I cannot judge. I'm not sure where I raised that, but it was in, it would have been in my amended complaint to include the intake office, intake clerks, as defendants and the claims against them. I included my amended complaint with my case out to the court, but that's where it would be. I don't think that's necessary. I understand your answer, that it would have been in the amended complaint. Now you also suggest, and then I'll allow others to ask questions, that there are some other claims that are not related to the intake officer's transmission of this PTSD information. Other new claims, and that's why you would like to have been able to amend your complaint one more time, to add these intake officers. What are the other claims that aren't related to how they handled his report of having PTSD? I'm not sure I know what the court is specifically referring to here, because the claims that I raised were protected against the intake individuals themselves, and I think there was some Article 14 issues as well, but all of them related to the fact that the intake process it's done correctly. I'm looking at page 13 of your opening brief, and it says that the court ignored additional claims. I'm at the very top. Furthermore, the district court completely ignored additional claims against the new defendants that included violations of the 8th and 14th Amendments and failure to protect. These claims were completely new and had nothing to do with the transmission of PTSD information and deserved to be litigated on their own. So my question is, I just want to get an understanding of what you're referring to there. The other claims I was referring to had to do with the claims against the against the guards. But those wouldn't have been completely new. No, and that was the point I was making. But here it says the claims were completely new and didn't have to... I'm sorry Judge, I didn't mean to cut you off. I'm saying that the claims that I'm making against the guards were completely new and had nothing to do with the claims against the guards. They were themselves claims against the guards that were... I'm sorry, against the intake clerks themselves and for failure to protect and 8th and 14th Amendment. How does it not have to do with the transmission of the PTSD information? The transmission of the PTSD information went to what did the guards know. And the guards, the guards, the argument that the guards had faulty information about the plaintiff led them to treat the plaintiff in any particular way. What I'm saying in this brief is that what they told the guards was irrelevant. The guards were, I point this out, in open court. The guards were not the ones at fault. The guards were only, they were only doing what they were being told by the intake clerks. The argument I was hoping to get across with this brief, maybe I wasn't successful. It was the intake clerks, the ones that were responsible for my client having gone through what he went through at Cook County Jail. All right, I think I understand that. I didn't understand your reference to any claims that were unrelated to the PTSD information because I understand your argument to all be stemming from that initial exchange between Thomas and the intake clerks about his mental health history. Okay, I'm sorry. And the treatment that he did not get, he should have been, he should have gotten a mental health evaluation and housed somewhere other than in the population. But that initial assessment never occurred. And we were never able to get discovery to find out exactly what did happen to him. That discovery never happened. Oh, I think I turned my video off by accident. I think you're right, Mr. I'm clicking the button. It's not. Oh, here we go. Well, you certainly could reserve the remainder of your time. Thank you, Judge. How are you? Are you so reserving it? I am, Judge. Um, all right, well, then we'll let Miss Wilson proceed. Thank you, Your Honor. May it please the court? Good morning, Your Honors. Mr. Thomas has asked this court to review the discretionary decisions of the district court for two specific reasons. First, Mr. Thomas has stated that the allegations of the third amended complaint were wrongfully denied when the district court did not grant leave for Mr. Thomas to file his third amended complaint. And he also alleges that the district court showed bias against Mr. Thomas. However, Mr. Thomas is wrong, and this honorable court should affirm the discretionary decisions of the district court regarding the third amended complaint. Mr. Thomas argued based on your questions this morning, Your Honors, that the general order of the Cook County Department of Corrections gave him the information that he needed in order to pursue the claims against the intake officers. Mr. Thomas never at any time prior to his reply brief brought up the any allegations or arguments regarding that general order. He never brought up that the intake officers failure to the intake officers alleged failure to provide the information in the intake form led to inappropriate housing. Well, he certainly didn't know that information about what the intake officers had written on the form until he got it in discovery, which leads me to a question I have for you. The defendants here seem to gloss over in arguing that everything would have been for not for Mr. Thomas based on statute of limitations, our clear rule that it starts accruing or starts running when the information is discovered. And so he didn't discover this information until discovery. And that's when he learned that the intake officer said something different from what Mr. Thomas previously believed. So why is your statute of limitations argument there correct? Your Honor, Mr. Thomas says reply brief confirms that Mr. Thomas would have known of his claims against any intake officer when he was inappropriately or allegedly inappropriately housed in a general population as opposed to being housed in some other location in the jail. Mr. Thomas knew where he was housed at the time he was housed in general population. But I don't think I'm asking about the why he was being treated by his allegations at this stage as if he didn't have PTSD because he didn't know they had written on the form that he didn't have mental health and history when he told him they did. And he didn't know that the second intake officer when he came back put an override on the form to override his reports of risk because of mental health and history. Your Honor, based on the allegations of Mr. Thomas's third amended complaint, the intake officers, the first one in June of 2015, he alleges that the intake officer inappropriately included information, inappropriately answered the question of whether or not Mr. Thomas had mental health issues. Mr. Thomas was then released from custody a month later, thus making that intake form void. Mr. Thomas was then re-taken into custody in September of 2015, in which case an intake officer separate from the intake officer in June also completed an intake form correctly noting that Mr. Thomas had mental health issues according to the third amended complaint. Mr. Thomas has incorrectly read line 23 of the intake form which states that he was not a risk factor due to prior incarcerations, gang affiliation, or street smarts. Line 23, based on the reading of the first of the third amended complaint, does not have any relation to mental health issues. Therefore, even if Mr. Thomas, even if now that Mr. Thomas is connecting that those answers in the intake form to his housing assignment, Mr. Thomas would have known of his inappropriate housing at the time he was inappropriately housed. What did defendant say line 23 is about? Line 23 is, line 23 specifically states that Mr. Thomas is not a risk factor due to prior incarceration, street smarts, or gang affiliation. There's nothing in the line that suggests mental health care is a connected issue for that question and I, after speaking to my clients, Mr. Thomas, the line 23 does not have anything to do with mental health issues. What does risk factor mean? Risk of physical harm? Risk of mental harm? What does it mean? The meaning is not, is not, the meaning is not stated in the intake form but should the court desire, I can speak with my clients and provide a supplemental brief as to what the meaning of risk factor means. Your Honors, Mr. Thomas has failed to show any, any abuse of discretion of the district court's allegation, of the district courts determining that Mr. Thomas's third amended complaint was flawed and not required by justice. Specifically, the district court found that Mr. Thomas failed to provide a basis for any connection that the, that the intake officers had to the constitutional violations in his third amended complaint. Mr. Thomas alleges, and he's mentioned on, on his opening argument based on your questions, that he was making due process violation, due process clause claims under the 14th amendment, but his third amended complaint failed to provide any factual basis for a procedural or substance. Anything, anything further, Ms. Wilson? Failure to, failure to protect allegations in his third amended complaint. Specifically, Mr. I Was there a question? No. Thank you, Your Honors. Mr. Thomas is that the intake officers made notations in an intake form and the intake form he claims was incorrect. Mr. Thomas has not connected the intake form to any, any threat or danger other than the baseline dangerousness in a jail that Mr. Thomas could have been protected from by the intake officers completion of the intake forms. Failure to protect requires that the officers are know of a substantial risk to the plaintiff, not just a general baseline of this plaintiff is in jail. And then that those, that those officers have to then fail to adequately respond to that threat. Mr. Thomas has failed to provide any such threat or failure on the intake officers part to respond to that threat. Furthermore, the, the district court also found that Mr. Thomas did not provide any factual basis for personal involvement, which is required under section 1983. Section 1983 explains that personal involvement is a requirement of all persons who are being alleged a complaint against. Personal involvement requires actual or actual involvement in the alleged constitutional violation or a causal connection to the constitutional violation of that defendant's conduct. Mr. Thomas has failed to allege any such conduct. Furthermore, Mr. Thomas waived any and all arguments that he had against the plaintiff in the case of his, of the Department of Corrections. Mr. Thomas waived those arguments by failing to bring them up in, in the district court prior to his reply brief. He did not bring them up in his opening brief before this court, and he did not attach the general order he's referring to as the in, in any appendix. And therefore, because he failed to bring those up prior to his reply brief in this court, he has waived those arguments. In conclusion, Your Honors, that despite Mr. Thomas's arguments, Mr. Thomas failed to show any discretionary decision of the district court that was, that was an abuse of discretion. Without any such abuse of discretion shown by Mr. Thomas, the district court did not abuse its discretion. Rather, the district court showed that Mr. Thomas's third amended complaint was not required by justice, and therefore, this court should affirm the discretionary decisions of the district court. Thank you. Thank you, Ms. Wilson. Mr. Redmond, do you have any time left? Um, I've got about 30, 35 seconds, Judge. Um, we point to the line 23. That line, the denial of that line, putting it in prison, putting my client into general population based on that line is in and of itself actionable because he was not street smart. He was not a gang member, and his only time in incarceration was the time he was in Cook County Jail a month earlier. And so that whole, that whole line has been just not, it was faulted. It was faulted. The inter-clerks just were wrong. Um, with regard to PTSD, um, the council points out that there is a threat, that one should point to a specific threat, um, because dangerous places. However, for a person with PTSD, being in general population by itself is a threat because he is uncomfortable because of the threat of just being around other people, people that he sees as dangerous, whether or not they are because of his illness. And the plan could not show violations that the clerks made because he was denied discovery. Um, we tried to get information that, uh, that would show specific instances where the inter-clerks violated his, um, his rights over and above what we already stated, but we could not get discovery because, um, the, uh, council motion to quash that discovery and that motion to quash was granted. All right. Thank you, Mr. Redmond. Thanks for both council and the case will be taken under advice.